UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

  v.

                                    Case No. 19-cr-96-pp

SAUL GARCIA, SR., SAUL GARCIA, JR.,
DANIEL GARCIA and CONSUELO GARCIA,

        Defendants.

## ORDER REGARDING PROPOSED CONDITIONS OF RELEASE

        On December 9, 2022, the court sentenced defendants Saul Garcia, Sr., Saul Garcia, Jr., Daniel Garcia and Consuelo Garcia. Dkt. No. 183. Toward the end of the hearing, counsel for Saul Garcia, Sr. asked that the court modify the conditions of his client's supervised release to allow his client to travel for business. Counsel for Consuelo Garcia and Daniel Garcia made the same request. The court agreed and asked counsel to propose language specifying the locations where the three defendants needed to travel for business purposes.

        On December 16, 2022, counsel for defendant Consuelo Garcia filed—on behalf of all *four* defendants—a letter describing the various places the four defendants wished to travel and why. Dkt. No. 185. Saul Garcia, Jr. and Daniel Garcia made the same request they'd made at the sentencing hearing—that the court allow them to travel for work (specifying Georgia, Tennessee, Florida and North Carolina as the places they needed to travel for their farm business). But

1

Saul Garcia, Sr.—who'd made no request for a modification to his supervision conditions at sentencing, and who now owns M&S Masonry, Inc. in Moultrie, Georgia, a masonry leasing business (Dkt. No. 164 at ¶113)—also asked to be able to travel through Georgia, Tennessee, Florida and North Carolina. Dkt. No. 185. Consuelo Garcia had asked at sentencing to be allowed to travel for work—she owns R&E Rentals, a land real estate company headquartered in Moultrie, Georgia. Dkt. No. 156 at ¶123. Ms. Garcia also works as a bookkeeper at M&S Masonry, Inc. Id. at ¶124. In the letter, however, she asked to travel to Florida "for personal and professional needs, including medical appointments and shopping (there are generally better and more variety of stores in northern Florida than in southern Georgia)." Dkt. No. 185.

As noted, at the December 9, 2022 sentencing hearing, Saul Garcia, Jr. did not seek any modifications to the proposed conditions of supervision, including proposed condition #4, which provides that he must not knowingly leave the federal judicial district without first getting permission from the Court or the probation officer. Dkt. no. 164 at p. 38. The defendant has reported that he has stopped his own farming operation. Id. at ¶120. The court has no information about his work at M&S Masonry, other than a description of what that company does, and no explanation for why Saul Garcia, Jr. would need to travel to multiple states to run a masonry equipment leasing company out of Moultrie, Georgia. The court understands that Saul Garcia, Jr. also assists another of his sons with that son's farming operation, but the court has no

2

information about the assistance the defendant provides, the frequency or the location.

As for Consuelo Garcia, at the December 9, 2022 sentencing hearing, she asked only to be allowed to travel for work. The letter, however, asks that she also be allowed to travel throughout Texas to occasionally visit family and to Florida to shop and attend medical appointments. The presentence report confirms that Ms. Garcia has several family members in Texas. Dkt. No. 156 at ¶¶90-91. The report mentions medical conditions, id. at ¶¶106-107, but the court has no information about the defendant's need to go to Florida for treatment. The letter indicates that Ms. Garcia would like to go to Florida for shopping due to the variety, and the court understands that geographically, she lives closer to Jacksonville, Florida than to Atlanta, Georgia.

It is understandable that after a five-hour joint sentencing hearing, there are things the parties may not have thought to ask or explain regarding probation/supervised release. But the sentences the court imposed were meant to achieve the goals of sentencing, one of which is punishment. Supervised release and probation are meant to be restrictive. The court did not intend the defendants to lose their livelihoods, but it did intend that aspects of their daily lives would be curtailed.

The court will modify the conditions as it agreed to do at sentencing. If defendants Saul Garcia, Sr. and Consuelo Garcia want the court to modify the conditions further, they may file motions outlining their specific requests and the reasons for them.

The court **ORDERS** that while on supervised release/probation, defendants Saul Garcia, Jr. and Daniel Garcia may travel throughout the states of Georgia, Tennessee, Florida and North Carolina for the purposes of work only.

The court **ORDERS** that defendant Consuelo Garcia may travel throughout Georgia and Tennessee for the purposes of work only.

The court **ORDERS** that prior to leaving the federal judicial district in which they reside, defendants Saul Garcia, Jr., Daniel Garcia and Consuelo Garcia must provide their assigned probation officers with the details of when they are leaving, where they are going, who they will be going with, where they will stay and when they will return. They must provide their supervising officers with their contact information so that they are reachable while traveling, and they must contact their supervising probation officers within twenty-four hours of their return to Moultrie, Georgia.

Dated in Milwaukee, Wisconsin this 28th day of December, 2022.

                                                **BY THE COURT:**

                                                **HON. PAMELA PEPPER**
                                                **Chief United States District Judge**